**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CORBY RAY BROWN, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00759-O-BP** |
| | § | |
| **CARRINGTON MORTGAGE SERVICES, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the two identical Motions to Remand that *pro se* Plaintiffs Corby Brown ("Mr. Brown") and Michelle Brown ("Mrs. Brown") (collectively "the Browns") filed on June 23, 2026 (ECF Nos. 6-7) and the response that Defendant Carrington Mortgage Services, LLC ("Carrington") filed on July 14, 2026 (ECF No. 15). The Browns did not file a reply. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** the Browns' Motions (ECF Nos. 6-7).

## I. BACKGROUND

Although the Browns' state court petition is difficult to parse, this appears to be a case involving claims of mortgage fraud concerning the Browns' real property in Parker County, Texas. *See generally* ECF No. 1-1 at 9-16. Among other claims, the Browns assert that the mortgage documents Mr. Brown signed related to his Aledo home are void and unenforceable at least in part because Mrs. Brown did not also sign them. *See id.*

The Browns filed their original petition on June 9, 2026 in the 415th Judicial District Court of Parker County. *Id.* Although the Browns had yet to properly serve Carrington, Carrington removed to this Court on June 18, 2026, asserting diversity jurisdiction. ECF No. 1. On June 23,

2026, the Browns moved to remand, arguing that complete diversity does not exist in this case. ECF Nos. 6-7. For the following reasons, the undersigned concludes that complete diversity does indeed exist, and removal was proper.

## II. LEGAL STANDARDS

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in state court of which the district courts of the United States have original jurisdiction. Defendants removed this case based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at 1. A district court can properly exercise jurisdiction on diversity of citizenship only if: (1) the parties are of completely diverse citizenship; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1441(a). After the defendant removes a case to federal court, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Wells Fargo Bank, N.A. v. Adams*, No. 3:13-CV-1353-O, 2013 WL 3829494, at *2 (N.D. Tex. July 24, 2013) (citing 28 U.S.C. § 1447(c)).

"When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)). And "[a]s the party seeking removal, [the removing defendan[t] bear[s] the burden of proving" both complete diversity and that the amount in controversy requirement is met. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).

For removal to be timely, the defendant must file the notice within thirty days after the defendant receives a copy of the initial pleading, through service of process or otherwise. 28 U.S.C. § 1446(b)(1). The removal statute, 28 U.S.C. § 1441, is "strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem.* Co., 491 F.3d 278, 281-82 (5th Cir. 2007). A removing defendant has the burden of establishing that

removal was proper. *Lone Star OB/Gyn Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). "[F]ederal law requires the defendant to file a removal motion within thirty days of service." *City of Clarksdale v. BellSouth Telecomms*., Inc., 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 352-53 (1999)). The United States Supreme Court has interpreted § 1446(b) as requiring formal service of process upon a defendant before the thirty-day removal period begins to run. *Murphy Bros*., 526 U.S. at 344.

## III. ANALYSIS

### A. The parties are completely diverse.

For purposes of diversity jurisdiction, the Browns are residents and citizens of Texas. They live in Aledo, and their home is the property at the heart of this suit. Although the Browns argue that Carrington is likewise a citizen of Texas, they are incorrect. Carrington is a limited liability company ("LLC"). "[T]he citizenship of an LLC is determined by the citizenship of all of its members," *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), and "not its principal place of business." *Warren v. Bank of Am., N.A.*, 717 F. App'x 474, 475 n.4 (5th Cir. 2018) (cleaned up). Carrington has two members that are in turn organizations themselves: Carrington Holding Company, LLC ("Carrington Holding") and Carrington Investment Partners, L.P. ("Carrington Investment"). ECF No. 1 at 3.

First, as to Carrington Holding, because it is also an LLC, its citizenship is likewise determined by the citizenship of its members. It has just one member: a further LLC called The Carrington Companies, LLC ("Carrington Companies"). *Id.* Once again, then, the citizenship inquiry turns on LLC membership. Carrington Companies has two members, who are natural persons. *Id.* Carrington does not name these individuals, but it pleads that they are respectively citizens of Tennessee and Wyoming. *Id.*

Next, as to Carrington Investment, because it is a limited partnership ("LP"), its citizenship is "based upon the citizenship of each of its partners." *Harvey*, 542 F.3d at 1079. It has three partners: (1) Carrington Capital Management, LLC ("Carrington Capital"), (2) CIP Intermediate, LLC ("CIP"), and (3) Carrington Holding, who is a citizen, as discussed, of Tennessee and Wyoming. ECF No. 1 at 3. Because they are LLCs, the citizenship of Carrington Capital and CIP is determined by the citizenship of all of their members. Carrington Capital has two members: Carrington Holding and a natural person who is a citizen of Tennessee. *Id.* This means that one of Carrington Capital's two members is a citizen of both Tennessee and Wyoming, while the other is a citizen of Tennessee. Accordingly, Carrington Capital is a citizen of both of those states. CIP is no different. It has a sole member, which again happens to be Carrington Holding. *Id.* So, CIP's citizenship is also both Tennessee and Wyoming.

In sum, every citizenship road that descends from Carrington leads either to Tennessee or Wyoming. But contrary to the Browns' argument, no such pathway leads to Texas. The Browns contend that complete diversity does not exist in this case because Carrington has various employees who live and work in Texas. *See, e.g.*, ECF No. 6 at 2. In support of this proposition, they cite to a document entitled "Exhibit D" which features a string of word processor text that appears to contend, at most, that certain Carrington employees are members of the Texas Mortgage Bankers Association's Servicing Committee. *See id.* at 15. But this "exhibit" simply consists of black text on an otherwise blank page. There are no identifying features. *See id.* However, even liberally indulging this exhibit and assuming that the document's information is accurate, Carrington employees' membership in a professional organization in Texas does not make them members of the LLC. The Browns point to no evidence that there are any members of Carrington who are citizens of Texas. The parties therefore are completely diverse.

**B. The amount in controversy exceeds $75,000.**

"The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012). It is "not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes,* 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). However, "[w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Celestine*, 467 F. App'x at 319-20. If challenged, a plaintiff alleging a certain amount in controversy still has "the burden . . . of supporting the allegation." *See Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (cleaned up). "Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact." *Id.*

Here, at the time Carrington removed, the Browns sought multiple millions of dollars in damages. *See* ECF No. 1-1 at 10. Later, in their Motion to Remand, they included a copy of the original state court petition but omitted all but one page: the one where they sought those millions. *Compare* ECF No. 1-1 at 4-10, *with* ECF No. 6 at 6-11. And in their Amended Complaint, which they filed after the pending Motion to Remand, they dropped all discussion of millions of dollars of damages, and instead now contend that they seek "economic damages, including denial of

credit, costs associated the wrongfully listed foreclosure, and financial losses associated with the misapplied $60,000 in Homeowner Assistance Fund benefits," as well as "non-economic damages, including mental anguish, anxiety, humiliation, and emotional distress," statutory damages under Texas Finance Code § 392.403, and punitive damages. *See* ECF No. 19 at 13-14.

"[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Here, the Browns do not challenge Carrington's removal on amount-in-controversy grounds, and instead merely diversity-of-citizenship ones. *See* ECF No. 6 at 2. Likewise, the Court does not question the amount in controversy requirement here. Although the original millions that the Browns sought in damages may have been implausible, the current damages the Browns seek do not give the Court doubt that the amount in controversy of this action plausibly exceeds $75,000.

### C. Carrington's notice of removal was timely.

The parties do not dispute that Carrington's notice of removal was timely. The Browns filed their petition in the 415th Judicial District Court of Parker County, Texas on June 9, 2026, and Carrington removed to this Court on June 18, 2026 despite not being properly served. *See* ECF No. 1. 28 U.S.C. § 1446(b)(1) provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." That timeline was satisfied here.

## IV. CONCLUSION

Because the parties are completely diverse, the amount in controversy exceeds $75,000, and removal was timely, removal was appropriate. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** the Browns' Motions to Remand (ECF Nos.

6-7).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 29, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE